UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Manhattan)

In re:

JOEL DARREN PLASCO,                                     Chapter 7
                                                        Case No.: 25-10684-JPM
    Debtor.
_____/

PREFERRED BANK,

    Plaintiff,
                                                        Adversary Proceeding No. _____
v.

JOEL DARREN PLASCO,

    Defendant.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT OWED TO PREFERRED BANK**

Preferred Bank ("Plaintiff"), as plaintiff in the above-captioned adversary proceeding, by and through its undersigned counsel, files this Complaint objecting to the discharge of Joel Darren Plasco ("Defendant" or "Plasco") and respectfully alleges, upon knowledge, information, and belief, as follows:

**NATURE OF THE ACTION**

1. This adversary proceeding is brought to object to the entry of discharge in the Chapter 7 bankruptcy case of Plasco, Case Number 25-10684, pending in the U.S. Bankruptcy Court for the Southern District of New York. Defendant is not eligible for discharge as a debtor in this bankruptcy case pursuant to 11 U.S.C. §§ 727(a)(4) and 727(a)(7), and the debt he owes to Preferred Bank is not eligible for discharge pursuant to §§ 523(a)(2), 523(a)(4), and 523(a)(6).

1

## JURISDICTION AND VENUE

2.   This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11 and because it arises in and relates to a case under title 11 in the United States Bankruptcy Court for the Southern District of New York (the "Court"), specifically Case No. 25-10684, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.   This action is brought as an adversary proceeding pursuant to Rule 7001(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") related to the bankruptcy cases pending before this Court.

4.   This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiff consents to the entry of final orders or judgment by the Court in this adversary proceeding.

5.   Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

6.   The statutory predicates for the relief requested herein are Sections 727 and 523 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 7001(4).

## PARTIES

7.   Plaintiff is a California banking corporation with its principal place of business in Los Angeles, California, United States.

8.   Defendant is an individual with a residence at 40 Walker Street, New York, NY 10013, and is the Chapter 7 debtor in the above-captioned case pending before this Court.

## BACKGROUND

9.   Between September 2018 and January 2019, Plaintiff made a series of fully secured loans (totaling approximately $16,000,000.00) to Odyssey Leasing, LLC ("Odyssey") in connection with Odyssey's purchase of commercial aircraft engines. These engines were secured

2

as the Collateral for the loans. Along with his business partner, David Alan Boyer ("Boyer"), Plasco guaranteed Odyssey's payment and performance under the loan documents.

10. At all relevant times, Boyer and Plasco jointly owned and controlled Odyssey (as well as its affiliated entities) and were their officers and directors.

11. Following various defaults under the loan documents, the parties entered into a Forbearance Agreement whereby Odyssey and Plasco, among others, admitted and acknowledged the various defaults under the loan documents and Preferred Bank's rights and remedies as a result of those defaults.

12. Plasco signed the Forbearance Agreement.

13. The Forbearance Agreement provided for a temporary forbearance of Preferred Bank's rights under the loan agreements with Odyssey until March 31, 2020.

14. As part of the Forbearance Agreement, Plasco further executed a confession of judgment in which he acknowledged his liability on Odyssey Leasing's debt.

15. The Forbearance Agreement contained a number of financial and non-financial covenants in Section 5 thereof, including but not limited to obtaining certain consents, delivering to Plaintiff a plan to maintain and/or repair the remaining engines still in Odyssey's possession (following the contemplated sale of two engines to make a partial payment), providing a thirteen-week cash flow statement, etc.—all of which was to occur by March 13, 2020.

16. These covenants were largely false and executed in order to induce Preferred Bank to execute the Forbearance Agreement. On information and belief, Plasco had no intention to comply with the covenants when they were made and, indeed, was aware that the covenants were impossible to comply with because Plasco had not preserved Odyssey's rights to the collateral engines.

17. Odyssey failed to comply with the Forbearance Agreement.

18. Preferred Bank sued in the U.S. District Court for the Southern District of Florida, Case No. 1:20-cv-22462-CMA, to enforce its rights. In particular, Preferred Bank sought both damages and the possession of the aircraft engines designated as collateral in the loan documents (the "Collateral").

19. On October 29, 2020, after granting Preferred Bank's motion for summary judgment, the court in Florida entered an order granting partial final judgment against Plasco and the other Defendants (the "Federal District Court Judgment").

20. The Federal District Court Judgment ordered Plasco to deliver all documents necessary to transfer his interests in Odyssey to Preferred Bank and also to pay $11,518,925.15 in damages jointly and severally with the other defendants.

21. The Federal District Court Judgment reflects the adjudicated amount of Plasco's debt to Preferred Bank in the amount of $11,518,925.15 as further described therein.

22. In the meantime, on June 23, 2020, Odyssey Leasing filed a voluntary petition for Chapter 11 relief in the U.S. Bankruptcy Court for the Southern District of Florida, Case No. 20-16792-RAM.

23. Plasco was deposed in the Odyssey Bankruptcy Action on at least July 22, 2020, and November 13, 2020.

24. During those depositions, Plasco testified as to the locations of the various engines. One of the engines was identified as Engine CFM56-3C1.

25. At the depositions, Plasco recklessly or intentionally misrepresented the facts about the location of the collateral property.

4

26. Plasco testified that Engine CFM56-3C1 was in the temporary possession of a Brazilian airline ("Sideral") pursuant to a simple lease agreement.

27. Plasco testified that Sideral remained in possession of the engine despite the lease having lapsed, that there was "not a current lease with respect to that engine," and that Sideral no longer had any right to possession.

28. These representations by Plasco were materially false.

29. Plasco further testified that based on his conversations with Sideral, Sideral wanted to keep the Engine and was in the process of working with a "leasing company in Ireland" to transfer title of its assets to said Irish leasing company and further acquire or lease additional engines from Odyssey and/or its affiliates.

30. The lease agreement with Sideral disclosed by Plasco and bearing his signature was false.

31. The lease agreement was, at best, it was a draft agreement, not the agreement that Odyssey Leasing and Sideral actually signed.

32. A a representative of the Irish leasing company Plasco identified later testified under oath that it does not have any relationship to the engine at issue.

33. Because of Plasco's false information, Preferred Bank has to date still been unable to recover Engine CFM56-3C1 despite incurring substantial investigative and litigation costs.

## COUNT I

**For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A)**

5

34. Preferred Bank repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth in this cause of action.

35. The Forbearance Agreement was an extension of credit to Odyssey and guaranteed by Plasco.

36. Odyssey is an insider to Plasco.

37. Plasco obtained an extension of credit from Preferred Bank by false pretenses, false representations, or actual fraud through statements beyond those relating his own or Odyssey's financial condition.

38. Plasco affirmatively represented that Odyssey did not enter into any other agreements related to the loan collateral, intentionally omitting the sale agreement for Engine CFM56-3C1. Plasco also falsely represented that the unsigned lease agreement with Sideral was effective and expressly stated, under oath, "I've never had a contract to sell it [the engine] to Sideral."

39. Plasco knew of or had careless disregard for the falsity and/or deceptiveness of his statements and conduct and/or the statements.

40. Plasco intended to deceive Preferred Bank.

41. Preferred Bank justifiably relied upon Plasco's misrepresentations.

42. Preferred Bank suffered damages caused by Plasco's conduct.

WHEREFORE, Preferred Bank requests this Court enter judgment against Plasco determining that the amount of the Federal District Court Judgment plus post-judgment interest is excepted from discharge. Preferred Bank requests all such other and further relief as this Court deems just and proper.

# COUNT II

**For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A)**

43. Preferred Bank repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth in this cause of action.

44. The Forbearance Agreement was statement in writing.

45. The Forbearance Agreement was an extension of credit to Odyssey guaranteed by Plasco.

46. Section 5(b) of the Forbearance Agreement, stating that Odyssey would deliver all documentation related to the collateral, was materially false because Plasco and Odyssey never had any intention to disclose the sale agreement with Sideral.

47. Section 5(j) of the Forbearance Agreement, stating that Odyssey would deliver to Preferred Bank all documents necessary or desirable to complete the agreement, was materially false because Plasco and Odyssey never had any intention to turn over the sale agreement with Sideral.

48. Section 12 of the Forbearance Agreement, stating that no party to the loan agreements had entered into any other agreements that would affect that performance of the obligations in the Forbearance Agreement, was materially false because Plasco and Odyssey knowingly withheld the sale agreement with Sideral.

49. Section 15 of the Forbearance Agreement, stating that no party to the loan agreements had made any false statement or withheld any material information, was materially false because Plasco and Odyssey knowingly withheld the sale agreement with Sideral.

50. Odyssey is an insider to Plasco.

7

51. Preferred Bank reasonably relied on Sections 5, 12, and 15 of the Forbearance Agreement.

52. Preferred Bank was induced it to enter into the Forbearance Agreement, defer collecting on its debts, and defer enforcing against its Collateral in reliance on the materially false representations.

53. Plasco caused the representations in the Forbearance Agreement to be made or published them with intent to deceive Preferred Bank.

54. Plasco intended to deceive Preferred Bank.

55. Preferred Bank justifiably relied upon the misrepresentations by Plasco.

56. Preferred Bank suffered damages caused by the conduct of Plasco.

WHEREFORE, Preferred Bank requests this Court enter judgment against Plasco determining that the amount of the Federal District Court Judgment plus post-judgment interest is excepted from discharge. Preferred Bank requests all such other and further relief as this Court deems just and proper.

## COUNT III

**For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(4)**

57. Preferred Bank repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth in this cause of action.

58. The Collateral, including Engine CFM56-3C1, was property of Preferred Bank to the extent that it was among the Collateral that served to secure repayment of its debt.

59. Plasco caused willful and malicious injury to Preferred Bank by providing false testimony as to the status and ownership of Engine CFM56-3C1.

60. Plasco's false statements and actions prevented Preferred Bank from exercising its rightful possession over the Collateral.

61. Plasco knew of or had careless disregard for the falsity and/or deceptiveness of his statements and conduct and/or the statements.

62. Plasco intended to deceive Preferred Bank.

63. Plasco committed these acts willfully, as the acts were committed deliberately and/or intentionally.

64. Preferred Bank justifiably relied upon the misrepresentations by Plasco.

65. Preferred Bank suffered damages caused by the conduct of Plasco.

WHEREFORE, Preferred Bank requests this Court enter judgment against Plasco determining that the amount of the Federal District Court Judgment plus post-judgment interest is excepted from discharge. Preferred Bank requests all such other and further relief as this Court deems just and proper.

## COUNT IV

**For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(6)**

66. Preferred Bank repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth in this cause of action.

67. The Collateral, including Engine CFM56-3C1, was property of Preferred Bank to the extent that it was among the Collateral that served to secure repayment of its debt.

68. Plasco caused willful and malicious injury to the Collateral by falsifying documents relating to its location and legal status.

69. Plasco caused willful and malicious injury to Preferred Bank by providing false testimony as to the status and ownership of Engine CFM56-3C1.

70. Plasco knew of or had careless disregard for the falsity and/or deceptiveness of his statements and conduct and/or the statements.

71. Plasco intended to deceive Preferred Bank.

72. Plasco committed these acts willfully, as the acts were committed deliberately and/or intentionally.

73. Preferred Bank justifiably relied upon the misrepresentations by Plasco.

74. Preferred Bank suffered damages caused by the conduct of Plasco.

WHEREFORE, Preferred Bank requests this Court enter judgment against Plasco determining that the amount of the Federal District Court Judgment plus post-judgment interest is excepted from discharge. Preferred Bank requests all such other and further relief as this Court deems just and proper.

## COUNT V

**For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 727(a)(4) and (a)(7)**

75. Preferred Bank repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 33 of the Complaint as though fully set forth in this cause of action.

76. Plasco knowingly and fraudulently made a false oath or account in connection with another case under the Bankruptcy Act and concerning an insider, namely Odyssey and its affiliates.

77. Plasco testified under oath in connection with the case as to the location of various engines, including Engine CFM56-3C1, that made up the Collateral.

78. Plasco recklessly or intentionally misrepresented the facts about the location and status of the Collateral property.

79. Plasco testified that Engine CFM56-3C1 was in the temporary possession of Sideral, which no longer had any right to possession. This representation was false.

80. Plasco further testified that Sideral was in the process of working with a "leasing company in Ireland" to obtain title to the engine and to further acquire or lease additional engines from Odyssey and/or its affiliates.

81. Plasco presented a lease agreement signed by Plasco that he identified as identical to the version that Sideral signed. Upon information and belief, Sideral never signed that lease agreement, instead signing a sale agreement giving it title to the engine.

82. As a result of his false oath and false claim, Preferred Bank has been unable to fully recover its Collateral.

83. Preferred Bank has suffered damages caused by the conduct of Plasco.

WHEREFORE, Preferred bank requests this Court enter judgment against Plasco determining that the amount of the Federal District Court Judgment plus post-judgment interest is excepted from discharge, as well as the costs that Preferred Bank has expended attempting to recover the Collateral. Preferred Bank requests all such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendant denying Defendant a discharge and granting such other and further relief as the Court deems just and proper.

Dated: July 14, 2025                                Respectfully submitted,

                                                                SEQUOR LAW, P.A.
                                                                1111 Brickell Avenue, Suite 1250
                                                                Miami, Florida 33131
                                                                Telephone: 305-372-8282
                                                                Facsimile: 305-372-8202

By:    */s/ Fernando J. Menendez*
           Fernando J. Menendez, Esq.
           Joseph B. Rome, Esq.
           fmenendez@sequorlaw.com
           jrome@sequorlaw.com